# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# Clarksburg

**DAVID ANTOINE LUSTER**,

    Petitioner,

v.                                                              Civil Action No. 1:21-cv-84
                                                                     Judge Bailey

**FREDERICK ENTZEL,**

    Respondent.

## REPORT AND RECOMMENDATION

### I. Introduction

On June 25, 2021, David Luster ("Luster"), the *pro se* petitioner, filed a petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. [Doc. 1]. On July 12, 2021, Luster paid the $5 filing fee. [Doc. 5]. This matter is now assigned to the Honorable John Preston Bailey, United States District Judge and referred to the undersigned Magistrate Judge for a Report and Recommendation pursuant to LR PL P 2.

### II. Background[1]

### A. Conviction and Sentence

On June 9, 2003, an indictment was returned against Luster in the Middle District of Georgia charging him with two counts of bank robbery and two counts of carrying a

---

[1] The facts are taken from the petitioner's criminal Case No. 5:03-cr-52-TES-CHW-2 in the United District Court for the Middle District Court of George, available on PACER. Unless otherwise noted, the document entries in this section refer to that criminal case. Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record); Colonial Penn. Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

firearm during the commission of the crime. [Doc. 16].  On June 30, 2003, Luster entered a plea of not guilty to the charges. [Doc. 19]. A four-count superseding indictment was returned against Luster on August 21, 2004, charging him in Count One with Armed Robbery on April 10, 2003, of the HEA Federal Credit Union in Perry, Georgia, the deposits of which were then insured by the National Credit Union Administration Board (NCUA), in violation of 18 U.S.C. §§ 2113(a) and (d) and 18 U.S.C. § 2; Count Two -- Carrying a Firearm During and in Relation to the Armed Bank Robbery charged in Count One, in violation of 18 U.S.C. § 924(c)(1)(A)(i) and (ii) and 18 U.S.C. § 2; Count Three-- Armed Robbery on October 31, 2004, of the Colony Bank in Albany, Georgia, the deposits of which were then insured by the Federal Deposit Insurance Corporation (FDIC),  in violation of 18 U.S.C. §§ 2113(a) and (d); and Count Four --  Carrying a Firearm During and in Relation to the Robbery charged in Count Three, in violation of 18 U.S.C. § 924(c)(1)(A)(i) and (ii) and 18 U.S.C. § 2. [Doc. 29].

Pursuant to a written plea agreement, Luster pleaded guilty to all counts on September 3, 2003. [Doc. 31, 32, 53]. Pursuant to Rule 20 of the Federal Rules of Criminal Procedure, the petitioner also pleaded guilty to charges pending against him in other courts. More specifically, Luster entered guilty pleas to additional bank robbery charges from the Eastern District of Tennessee (Count One of Case Number 5:03-CR-98); the Southern District of Georgia (Count One of Case Number 5:03-CR-99), the Northern District of Georgia (Counts One, Three and Five of Case Number 5:03-CR-100), and the District of Southern Carolina (Count One of Case Number 5:03-CR-105). [Doc. 53:2,3; Doc. 54:5; Doc. 56].

On April 1, 2004, Luster was sentenced to serve concurrently 151 months imprisonment for each of the bank robbery counts. [Doc. 47]. Luster was further sentenced to mandatory consecutive terms of 84 months on Count 2 and 300 months on Count Four of 5:03-CR-52 for total imprisonment of 535 months, five years of supervised release, a $1,000 mandatory assessment and $611,205 in restitution to be paid joint and severally with his co-defendant, Ronald Nasir Mahdi. Id.

**B. Direct Appeal of 5:03-CR-52; 5:03-CR-98, 5:03-CR-99, 5:03-CR-100, and 5:03-CR-105, Middle District of Georgia**

Luster filed a timely appeal to the Eleventh Circuit Court of Appeals. [Docs. 48, 66]. His conviction and sentence were affirmed on February 9, 2006. [Doc. 56].

**C. Post-Conviction Relief, Including Motions to Vacate under 28 U.S.C. § 2255 and other post conviction motions.**

Following his direct appeal, Luster filed at least five 28 U.S.C. § 2255 motions challenging his conviction or sentence. [Docs. 57, 104, 110, 113, and 119]. On approximately ten additional occasions, Luster sought authorization from the Court of Appeals for the Eleventh Circuit to authorize the District Court to consider a second or successive 2255 petition. [Docs. 102, 112, 116, 117, 121, 122, 125, 127, 128, and 129]. Most recently, on January 24, 2022, Luster filed a Notice of Appeal for the denial of his motion for compassionate release in the Middle District of Georgia. [Doc. 251]. That appeal appears still to be pending. Luster has also filed § 2241 petitions in the United States District Courts for the Middle District of Pennsylvania, Middle District of Georgia, Western District of Pennsylvania, and Northern District of West Virginia. See Luster v. Oddo, 2017 WL 3821468 (M.D. GA. August 31, 2017); Luster v. White, No. 4:18-cv-763

(M.D. Pa. 2018); Luster v. Oddo, No. 4:17-cv-1074 (M.D. Pa. 2017); Luster v. Williams, No. 1:18-cv-160 (W.D. Pa. 2018); and Luster v. Warden FCI Gilmer, No. 3:21-cv-28 (N.D. W. Va., pending on objections to Report and Recommendation).

Luster's current **projected** release date via good conduct time is June 19, 2043. See www.bop.gov/inmateloc/.

### III. The Petition

In the instant § 2241 petition, Luster indicates that he is challenging both his conviction and sentence in Criminal Case Number 5:02-CR-32. Luster alleges that in light of the decision in Borden v. United States, 141 S.Ct. 1817 (2021), there is a significant risk that he was wrongly imprisoned under the narrowed definition of "assault any person" as used in 18 U.S.C. § 2113(d). Luster further alleges that Borden extended the holding in Johnson v. United States, 576 U.S. 591 (2015) to the holding in United States v. Davis, 139 S.Ct. 2319 (2019) and the force clause of 18 U.S.C. § 924(c)(3)(a). It appears that the heart of the petitioner's argument is that under Borden a violation of 18 U..S.C. 2113(a) and (d) cannot act as a predicate for the enhancements he received under 18 U.S.C. § 924(c).

### IV. Standard of Review

**A. Review of Petitions for Relief**

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and this Court's local rules, the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Luster's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section

2254 Cases in the U.S. District Courts (2014); see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (2014) (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

### B. *Pro Se* Litigants

As a *pro se* litigant, Luster's pleadings are accorded liberal construction and held to less stringent standard than formal pleadings drafted by attorneys. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (per curiam). However, even under this less stringent standard, the petition in this case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990). As discussed more fully below, Luster clearly is not entitled to relief under 28 U.S.C. § 2241, and therefore, no response has been required of the respondent.

### C. Post-Conviction Remedies and Relief

Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under § 2255 in the district court of conviction. By contrast, a petition for writ of habeas corpus, pursuant to § 2241, is intended to address the execution of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated. "In a § 2241 petition a prisoner may seek relief from such things as the administration of his parole, computation of his sentence by prison officials, disciplinary actions taken against him, the type of detention, and prison conditions in the facility where he is incarcerated." Adams v. United States, 372 F.3d 132, 135 (2nd Cir. 2004).

While the terms of § 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under § 2241, there is nonetheless a "savings clause" in § 2255, which permits a prisoner to challenge the validity of his conviction under § 2241, if he can demonstrate that § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The law is clearly developed, however, that relief under § 2255 is not inadequate or ineffective merely because relief has become unavailable under § 2255 because of a limitation bar,[2] the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal. In re Vial, 115 F. 3d 1192, 1194 n. 5 (4th Cir. 1997).

When contesting a conviction, a petitioner bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective; the standard is an exacting one. In the Fourth Circuit, § 2255 is deemed to be "inadequate and ineffective" to test the legality of a conviction only when all three of the following conditions are satisfied:

> (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the

---

[2] In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255. The limitation period shall run from the last of:

(1) The date on which the judgment of conviction becomes final;
(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
(3) the date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

> conduct of which the prisoner was convicted is deemed not to be criminal, **and**
>
> (3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333 - 34 (4th Cir. 2000) (emphasis added).

However, "[t]he text of the savings clause does not limit its scope to testing the legality of the underlying criminal conviction." United States v. Wheeler, 886 F.3d 415, (4th Cir. 2018), *cert. denied* United States v. Wheeler, 2019 U.S. LEXIS 1990 (U.S., Mar. 18, 2019) (*quoting* Brown v. Caraway, 719 F.3d 583, 588 (7th Cir. 2013)). In Wheeler, the Fourth Circuit concluded that § 2255(e) provides "an avenue for prisoners to test the legality of their sentences pursuant to § 2241, and Jones is applicable to fundamental sentencing errors, as well as undermined convictions." Id. at 428. When contesting a sentence through a petition filed under § 2241, a petitioner must still meet the savings clause of § 2255. In the Fourth Circuit, § 2255 is deemed to be "inadequate and ineffective" to test the legality of a sentence only when all four of the following conditions are satisfied:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Wheeler, *supra*, at 40.29 (emphasis added). The Fourth Circuit further specified that a change of substantive law within the circuit, not solely in the Supreme Court, would be sufficient to satisfy the second prong of the four-part test established in Wheeler. Id.

7

In interpreting the phrase "this circuit" as used in Jones and Wheeler, the Fourth Circuit has held that it is the law of the petitioner's circuit of conviction and sentencing, which in this case is the Eleventh Circuit, that controls. See Hahn v. Mosley, 931 F.3d 295, 301 (4th Cir. 2019) ("In evaluating substantive claims under the savings clause, we look to the substantive law of the circuit where a defendant was convicted."). see also Van Hoorelbeke v. United States, No. CA-0-08-3869-CMC-PJG, 2010 WL 146289, at *4 (D.S.C. Jan. 8, 2010) (citing Chaney v. O'Brien, No. 07-0012, 2007 WL 1189641, at *3 (W.D. Va. Apr. 23, 2007) (holding that, in applying the second prong of the Jones test, "the substantive law relevant to a 2241 petition is that of the circuit in which the petitioner was convicted"); Eames v. Jones, 793 F. Sipp.2d 747, 750 (E.D.N.C. 2011) (finding the law of the circuit of conviction should apply to a § 2241 proceeding held in a different circuit);Gordon v. Crowley, No. 5:99-cv-00204, 2000 WL 34240482 (S.D. W. Va., June 30, 2000) ("'[C]hange in law' is not to be equated with a difference between the law in the circuit in which the prisoner was sentenced and the law in the circuit in which he is incarcerated . . . ."). As noted by the Chaney court, and affirmed by the Fourth Circuit, "applying the substantive law of the place of confinement . . . would have the choice of law decision the fortuitous placement of a prisoner by the Bureau of Prisons, not the more rational factor of the place of conviction." 2007 WL 1189641 at *3 [other citations omitted].

## V. Analysis

Here, although Luster does not raise the savings clause, it is clear that he is not entitled to its application. First, to the extent that Luster is challenging his conviction, even if he satisfied the first and the third elements of Jones, the crimes for which he was

convicted, violations of 21 U.S.C. § 2113 and 18 U.S.C. § 924(c)(1)(A)(i) and (ii) remain criminal offenses, and therefore, he cannot satisfy the second element of Jones.

With respect to the petitioner's challenge to his sentence, the Court must review the petition under the four-part Wheeler test. As to the first prong, it is clear that at the time of sentencing, settled law established the legality of the sentence imposed. However, the petitioner cannot meet the second element of the Wheeler test, because there has been no change to the settled law which established the legality of his sentence, much less one that has been deemed to apply retroactively to cases on collateral review.

Although not a model of clarity, Luster's argument in support of his habeas petition suggests that it his opinion that the decision in Borden invalidates his sentence under 18 U.S.C. § 924(C)(1). More specifically, it appears that he is arguing that his conviction under 18 U.S..C. § 2113 cannot act as a crime of violence to support an enhanced sentence.

In Borden, the defendant "pleaded guilty to a felon-in-possession charge [under 18 U.S.C. § 922(g)], and the Government sought an enhanced sentence under the [Armed Career Criminal Act ("ACCA")]." 141 S.Ct. at 1822. Under the ACCA, a sentence is enhanced if someone convicted under § 922(g) has three or more prior convictions for a "violent felony" – whether the prior conviction was state or federal in nature. Id. At issue was the "violent felony" definition's elements clause, which requires a predicate offense to have "as an element the use, attempted use, or threatened use of physical force against the person of another." See 18 U.S.C. § 924(c)(2)(B)(i). Courts use the categorical approach to determine whether an offense satisfies the elements clause, which means

"the facts of a given case are irrelevant," and [t]he focus is instead on whether the elements of the statute of conviction meet the federal standard. 141 S.Ct. at 1822.

One of Borden's alleged predicate offenses was for reckless aggravated assault in violation of Tennessee law. Id. He "argued that this offense is not a violent felony under [the] ACCA's elements clause because a mental state of recklessness suffices for conviction." Id. The Supreme Court took the case to resolve a circuit split on whether reckless conduct qualifies as a violent felony under the ACCA.[3] See id. After discussing the four states of mind in "criminal law's mental state 'hierarchy,'" id. at 1823-24 (citations omitted), the plurality held that the elements clause's definition of "violent felony," which requires the use of physical force against the person of another," does not include offenses criminalizing reckless conduct. See id. at 1825 ("The phrase 'against another,' when modifying the 'use of force,' demands that the perpetrator direct his action 'against another,' when modifying the 'use of force,' demands that the perpetrator direct action at, or target another individual. Reckless conduct is not aimed in that prescribed manner."). The Court concluded that the "against" phrase in § 924(e)'s elements clause "sets out a *mens rea* requirement – of purposeful or knowing conduct.: See id. at 1828, 1833 ("'[A]gainst the person of another,' when modifying the 'use of physical force,' introduces that action's conscious object. So it excludes conduct, like recklessness, that is not

---

[3] The Supreme Court had previously determined that offenses requiring a negligent *mens rea* fall outside a statutory definition relevantly identical to the ACCA's elements clause requiring use of physical force "against the person or property of another," see Leocol v. Ashcraft, 543 U.S. 1, 9-13 (2004), and that reckless offenses fall within a different statutory definition that lacked the "against another" phrase, see Voisine v. United States, 136 S.Ct. 2272, 2281-82 (2016).  Both of these cases reserved the question ultimately addressed by the Court in Borden. See 141 S.Ct. at 1825.

10

directed or targeted at another." (internal citation omitted)). Thus, the Supreme Court reversed the lower court's ruling.

The undersigned reiterates that Luster was convicted of six counts of Bank Robbery in violation of 18 U.S.C. § 2113(a) and (d) as well as two counts of Carrying a Firearm During and in Relation to Robbery, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i) and (ii) following his plea of guilty to those offenses. He does not contest his concurrent sentences of 151 months on each of the bank robberies. However, he appears to contest his mandatory consecutive sentences terms of 84 months and 300 months for the charges regarding the firearms.

Those enhanced sentences were imposed pursuant to 18 U.S.C. § 924(c)(1) which requires an underlying crime of violence. For the purposes of § 924(c), "crime of violence" means an offense that is a felony and

(A) has an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

Id. § 924(c)(3). Subsection (c)(3)(a) is the "elements clause." Subsection (c)(3)(B) is what is called the "residual clause," and has been struck down by the Supreme Court as constitutionally vague. United States v. Davis, 139 S.Ct. 2319, 2336 (2019).

In addressing the crime of federal bank robbery, the Eleventh Circuit employed the categorical approach to decide whether it satisfied the elements-clause definition. The court noted that federal bank robbery may be committed "by force and violence, or by intimidation." 18 U.S.C. § 2113(a). "Under section 2113(a), intimidation occurs when an ordinary person in the

11

teller's position reasonably could infer a threat of bodily harm from the defendant's acts." United States v. Kelly, 412 F.3d 1240, 1244 (11th Cir. 2005) (quotations marks omitted). Whether an act constitutes intimidation is viewed objectively, and a defendant can be convicted even if he does not intend for an act to be intimidating. Id. Moreover, the Eleventh Circuit has held that bank robbery under § 2113(a), including "by intimidation," does categorically qualify as a crime of violence under the elements clause of § 924(c)(3). In re Sams, 830 F.3d 1234, 1239 (11th Cir. 2016). In so finding, the court reasoned that federal bank robbery categorically qualifies as a crime of violence because "[a] taking 'by force and violence' entails the use of physical force [and] a taking 'by intimidation' involves the threat to use such force." Id. (quoting United States v. McNeal, 818 F.3d 141, 153 (4th Cir. 2016)).

Because Sams holds that a federal bank robbery is a crime of violence under the elements clause, Luster's § 924(c) conviction is valid, notwithstanding the Supreme Court's invalidation of the residual clause. A crime needs to satisfy only one clause of § 924(c)(3) to be considered a crime of violence.

Therefore, because Luster fails to meet either the Jones or Wheeler test, his claims may not be considered under § 2241. Accordingly, this Court is without jurisdiction to consider the petition. When subject matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 118 S.Ct. 1003, 1012–16 (1998); Reinbold v. Evers, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

## VI. Recommendation

For the foregoing reasons, the undersigned recommends that Luster's Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [ECF No. 1] be **DENIED and DISMISSED without prejudice.**

Luster shall have **fourteen (14) days** from the date of service of this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is further directed to mail a copy of this Report and Recommendation to Luster by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: March 15, 2022

*/s/ James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE