IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Clarksburg

**DAVID ANTOINE LUSTER,**

    Petitioner,

v.              **CIVIL ACTION No. 1:21-CV-84**
                Judge Bailey

**FREDERICK ENTZEL,**

    Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

The above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge Mazzone [Doc. 8]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Mazzone for submission of a proposed report and a recommendation ("R&R"). Magistrate Judge Mazzone filed his R&R on March 15, 2022, wherein he recommends that petitioner's Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 1] be denied and dismissed without prejudice. For the reasons that follow, this Court will adopt the R&R.

### I. BACKGROUND

Petitioner, an inmate incarcerated at FCI Gilmer in Glenville, West Virginia, filed a *pro se* Petition for Habeas Corpus Pursuant to 28 U.S.C § 2241 on June 25, 2021. In the petition, petitioner challenges both his conviction and sentence. *See* [Doc. 1 at 1]. For relief, petitioner requests that he be released from the custody of the Bureau of Prisoners ("BOP") or have his sentence reduced to time served, or sent back to the Court to clear up "this . . . wrong." *See* [Id. at 8].

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. ***Thomas v. Arn***, 474 U.S. 140, 150 (1985). Nor is this Court required to conduct a *de novo* review when the party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." ***Orpiano v. Johnson***, 687 F.2d 44, 47 (4th Cir. 1982).

In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); ***Snyder v. Ridenour***, 889 F.2d 1363, 1366 (4th Cir. 1989); ***United States v. Schronce***, 727 F.2d 91, 94 (4th Cir. 1984). *Pro se* filings must be liberally construed and held to a less stringent standard than those drafted by licensed attorneys, however, courts are not required to create objections where none exist. ***Haines v. Kerner***, 404 U.S. 519, 520 (1972); ***Gordon v. Leeke***, 574 F.2d 1147, 1151 (4th Cir. 1971).

Here, objections to Magistrate Judge Mazzone's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure. Petitioner timely filed his objections [Doc. 10] on March 29, 2022. Accordingly, this Court will review the portions of the R&R to which objection was filed

under a *de novo* standard of review. The remainder of the R&R will be reviewed for clear error.

### III. DISCUSSION

### A.     Objections to R&R

In the R&R, Magistrate Judge Mazzone found that petitioner fails to meet either the *In re Jones*, 226 F.3d 328 (4th Cir. 2000) or *United States v. Wheeler*, 886 F.3d 415 (4th Cir. 2018) test, and thus this Court is without jurisdiction to consider his petition.

Petitioner filed his objections on March 29, 2022. *See* [Doc. 10]. Therein, petitioner's first objection is that Magistrate Judge Mazzone "is being totally inaccurate and misleading" because petitioner has nothing to do with the Case Number cited on page 4. However, this Court finds Magistrate Judge Mazzone merely made a scrivener's error in typing Case Number 5:02-cr-32 as opposed to Case Number 5:03-CR-52, which petitioner is involved in. As previously noted in the R&R, all "facts are taken from the petitioner's criminal Case No. 5:03-cr-52-TES-CHW-2 in the United States District Court for the Middle District of George [(sic)]." *See* [Doc. 8 at 1, fn.1]. This Court notes that petitioner does have nothing to do with Case Number 5:02-cr-32; however, he does have something to do with case number 5:03-cr-52. Thus, this objection is overruled because Magistrate Judge Mazzone merely made a scrivener's error in the body of the R&R.

Next, petitioner objects to the portion stating that petitioner is not entitled to the savings clause application. *See* [Doc. 10 at 2]. Petitioner states that a "new rule of statutory law that results in a new statutory construction is not cognizable in a second or successive application under § 2255." However, this Court disagrees with petitioner that

his claim is based on a new rule of statutory law that results in a new statutory construction that is substantive. As stated in the R&R, "there has been no change to the settled law which established the legality of his sentence, much less one that has been deemed to apply retroactively to cases on collateral review." Thus, this objection is overruled.

Third, petitioner objects that his case is not similar to the *Jones* situation. Petitioner's supporting basis for this objection is that the "Tenth Circuit" deemed *Borden* [*v. United States*, 141 S.Ct. 1817 (2021)] a new rule of substantive statutory law that resulted in a new statutory construction that **applies retroactively**." *See* [Doc. 10 at 3].

Fourth, petitioner objects to the portion of the R&R stating that the Eleventh Circuit employed the categorical approach and "under section 2113(a), intimidation occurs when an ordinary person in the teller's position reasonably could infer a threat of bodily harm from the defendant's acts." Petitioner argues that his petition "clearly states '2113(d)' that actually has the element in it," and he is not talking about section 2113(a).

The Court finds that the issues raised by petitioner in his third and forth objections were thoroughly considered by Magistrate Judge Mazzone in said R&R. The Court is of the opinion that Magistrate Judge Mazzone's R&R accurately reflects the law applicable to the facts and circumstances before the Court in the above-styled action. Accordingly, having found no clear error in the remainder of the magistrate judge's well-reasoned review of the pleadings, petitioner's objections **[Doc. 10]** are **OVERRULED**, and it is the opinion of this Court that the Report and Recommendation **[Doc. 8]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. Accordingly, this Court **ORDERS** that Petition for Habeas Corpus Pursuant to § 28 U.S.C.

2241 [**Doc. 1**] is hereby **DENIED** and **DISMISSED WITHOUT PREJUDICE**. The Clerk is **DIRECTED** to **STRIKE** the above-styled case from the active docket of this Court

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* petitioner.

**DATED**: March **29**, 2022.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE